[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action wherein the plaintiff is seeking money damages alleging that the defendant entered onto the plaintiff's property with heavy equipment on or about September 24, 1998 and uprooted and knocked over several trees.
The plaintiff is the owner of a nine-acre wooded piece of property located at 1400 Moose Hill Road, Guilford, Connecticut. In September 1998 the defendant and his wife were owners of property located at 9 Stony Hill Road in Guilford, which property was adjacent to the property owned by the plaintiff. The plaintiff lived in Wallingford, Connecticut and the only use he made of his property in Guilford was as a source of firewood to heat his home. On September 24, 1998, the plaintiff was examining the Guilford property when he observed a portion of what he believed to be his property which appeared to have been the object of clearing efforts by some type of heavy equipment. The plaintiff had not visited the property for between one and two years. The location of the alleged damage was to the rear of the property and was not visible from Moose Hill Road.
The defendant and his wife purchased the property adjacent to the plaintiff's property on April 30, 1998. They took out a building permit for the construction of a house on September 3, 1998. The defendant had a survey done which located the property line between the properties, hired a general contractor, Anderson Wilcox, to build the house, and a subcontractor, Hamden Sand Stone, to clear the land. The defendant was aware that the plaintiff had previously made a claim against someone who allegedly did damage to another portion of his property, and therefore the builder and the subcontractor took extra precautions not to cross onto the plaintiff's property.
The plaintiff offered evidence of damage to his property. Oscar Stone, an arborist, testified as to the extent of the damage that he observed on February 12, 1999, and it was his opinion that it CT Page 1964 could have occurred up to one year earlier.
The primary evidence that the plaintiff relies on to establish that the defendant operated a bulldozer or some other piece of heavy equipment on the plaintiff's property and caused the alleged damage are certain statements he allegedly made in connection with a police investigation on September 24, 1998.
On that date the plaintiff discovered the alleged damage and called the police. Officer Roger Lutz of the Guilford Police Department responded. Officer Lutz testified in this case. However, he had absolutely no recollection of the event and when shown his report, it did not refresh his recollection. His police report, which was in evidence, stated, in summary, that when he arrived at the scene the plaintiff showed him some trees on his property that were damaged by what appeared to be a bulldozer. Smith's property was next to an area that was being cleared for houses. At the scene was Brian Ahearn, who was operating a backhoe digging a foundation for a house, who said he had nothing to do with clearing the lot. Ahearn said he believed that Vincent Farricielli cleared the lot adjacent to the plaintiff's property. Ahearn told Lutz that he did not have Farricielli's phone number but he would have him call the officer. Thereafter, Lutz received a phone message from Farricielli in which, according to the report, he said that he did in fact knock down the trees and went over the property line by mistake, was willing to make some kind of restitution, and apologized. As indicated, Lutz had no recollection of the event, and Ahearn did not testify.
The defendant denies that he ever operated any equipment on the plaintiff's property, or caused any damage to the plaintiff's property. He did state that on a few occasions, when the foundation was being dug, for sentimental reasons, he removed a small amount of dirt from the foundation excavation with a backhoe. He testified that Ahearn was employed by the general contractor, Anderson Wilcox. The foundation was approximately 57' from the plaintiff's property. He explained the circumstances of the telephone message to Officer Lutz as follows. He was not at the property on September 24, 1998. During the day he received a telephone call from one of the workmen at the property who told him that they had inadvertently dumped a portion of a load of gravel being used to build the driveway across the property line and onto the plaintiff's property. They had then gone on the plaintiff's property with a bulldozer to scrape the gravel off of the property, that the plaintiff and a police officer had come to the scene, and the police officer wanted the defendant to call him. The defendant said he called the officer, who was not in, and left a message. The defendant testified that he never said that he knocked down any trees. He claimed that he said that he CT Page 1965 understood the workmen had gone on the plaintiff's property and he would make restitution for any damages, and that he was sorry. He testified that the damages he was referring to were whatever damage the bulldozer had done when removing the gravel. The area where the gravel was dumped on the plaintiff's property was up close to Stony Hill Road, and not near the location of the alleged damage which is the subject of this suit. The defendant testified that Anderson Wilcox and Hamden Land Gravel had done the clearing on his property but that they had not gone on the plaintiff's property.
The complaint alleges that the defendant committed a trespass and was negligent and reckless in going on the defendant's property with heavy equipment and uprooting and knocking over numerous trees. Mr. Stone testified that the various trees had been cut down, and the stumps then uprooted and pushed down the hill into a pile, and that this activity could have occurred up to one year earlier. Mr. Stone also testified that the area which was damaged was approximately 75 feet by 100 feet in size. The plaintiff had not been on the property for up to two years before the damage was discovered.
The plaintiff had the burden of proving by a fair preponderance of the evidence that the defendant caused his alleged damage. The only witnesses were the plaintiff, Mr. Stone, the defendant, and Officer Lutz. The defendant adamantly denied that he ever operated any equipment on the plaintiff's property. There was no evidence that he was skilled in land clearing. The court had ample opportunity to observe the defendant during his lengthy direct examination and cross-examination. The court finds that the defendant was a credible witness and accepts his explanation of the telephone message left for Officer Lutz. The court finds that the plaintiff has failed to prove that the plaintiff damaged his property as alleged in the complaint.
Accordingly, judgment may enter in favor of the defendant.
William L. Hadden, Jr.
Judge Trial Referee CT Page 1966